IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LEROY BOND,

                    Petitioner,                   OPINION & ORDER

   v.

                                        18-cv-212-jdp

UNITED STATES OF AMERICA,             15-cr-01-jdp

                    Respondent.

---

Defendant LeRoy Bond pleaded guilty to a one-count information charging him with production of child pornography, in violation of 18 U.S.C. § 2251. As part of his plea agreement, Dkt. 14, Bond stipulated to additional sexual conduct with minors, and he waived his right to appeal his conviction and any sentence of 360 months or less. I sentenced him to a below-guideline term of 300 months. Bond did not appeal.

Now Bond has filed a motion for habeas relief under 28 U.S.C. § 2255,[1] alleging that his trial counsel was ineffective for several reasons. But a motion under § 2255 is subject to a one-year period of limitation. Bond's judgment of conviction was final no later than August 24, 2015, which is the date I amended his judgment to reflect the uncontested forfeiture of certain property related to the offense. Dkt. 40. Bond contends that his motion should be deemed timely because he is entitled to equitable tolling under subsections (f)(2), (3), or (4) of § 2255, which establish alternative trigger dates for the limitations period.

Subsection (f)(2) provides that the limitation period can run from:

---

[1] Bond also invokes Fed. R. Civ. P. 60(b), but that is a rule of civil procedure that is inapplicable to Bond's criminal conviction.

> the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

§ 2255(f)(2). Bond does not allege that he faced any impediment to filing his motion that was caused by governmental action, so this subsection is inapplicable.

Bond's main argument seems to rely on subsection (f)(3), which provides that the limitation period can run from:

> the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;

§ 2255(f)(3). Bond contends that this provision is applicable because of *Class v. United States*, 138 S. Ct. 798 (2018). *Class* holds that a guilty plea, by itself, does not waive a defendant's right to appeal on the grounds that the statute under which he was convicted was unconstitutional. But this does not apply to Bond's case for two reasons. First, he does not challenge the constitutionality of the statute under which he was convicted. Second, he did not merely plead guilty, he expressly waived his right to appeal. Nothing in *Class* would affect an express waiver of a defendant's right to appeal. Bond does not have a right to appeal that was newly recognized in *Class*, so subsection (f)(3) is inapplicable.

Bond also invokes subsection (f)(4), which provides that the limitation period can run from:

> the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2255(f)(4). If I read Bond's motion generously, I could infer that Bond says that he did not really understand that his counsel had been ineffective until recently. But that is not enough

2

make subsection (f)(4) applicable, because subsection (f)(4) would require Bond to show that he had been reasonably diligent in discovering for the basis for the claims he wants to present now. Bond gives the court no explanation—other than the *Class* decision—why he could not have brought his claim for ineffective assistance of counsel within the year after his conviction became final. At his sentencing hearing, I specifically informed Bond that although he had waived his appeal rights, under some circumstances, he could challenge the validity of that waiver, but that he had a deadline to do so. Dkt 37, at 47:15–48:2. A defendant is not entitled to relief from the limitations period merely because he takes a long time to realize that his counsel was ineffective.

One last point. Although I am denying Bond's motion because it is untimely, Bond presents no plausible basis for a claim that his counsel was ineffective. This would require Bond to show (1) that his counsel's performance was deficient, and (2) that the deficiency prejudiced Bond. *Strickland v. Washington*, 466 U.S. 668 (1984). Bond says his outcome would be different if his counsel had done three things, but he fails to show any prejudice. First, Bond says counsel should have preserved his appeal rights, but Bond does not say what basis for appeal he would have had. Second, Bond says counsel should not have stipulated to additional sexual conduct with minors. But Bond does not explain why this was not a legitimate and successful strategy. If Bond had been separately charged with this conduct, he would have faced the possibility of life in prison. But the plea agreement allowed Bond to plead to only one count, which capped his sentence at 30 years. Third, Bond says counsel did not fully explain the plea agreement. But I review the plea agreement in detail with every defendant at the plea hearing. *See* Dkt. 16 (minute entry for plea hearing; no transcript has been prepared).

Under Rule 11 of the Rules Governing Section 2255 Cases, I must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. I cannot issue a certificate of appealability unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires him to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000)). Although Rule 11 allows me to ask the parties to submit arguments about whether a certificate should issue, it is not necessary to do so in this case. For the reasons explained above, I conclude that Bond have not made a showing, substantial or otherwise, that he meets the requirements for a certificate of appealability. Thus, I will not issue him a certificate of appealability.

ORDER

IT IS ORDERED that:

1. Petitioner LeRoy Bond's motion to vacate his sentence under 28 U.S.C. § 2255 is DENIED. The clerk of court is directed to enter judgment for respondent and close this case.

2. Bond is DENIED a certificate of appealability. He may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Entered March 27, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge